NO. 07-10-0086-CR

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 DECEMBER 13, 2010

 TIMOTHY S. BARBIAN,

 Appellant
 v.

 THE STATE OF TEXAS,

 Appellee
 _____________________________

 FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

 NO. 2010-426,409; HONORABLE CECIL G. PURYEAR, PRESIDING

 Memorandum Opinion

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
 Timothy S. Barbian challenges his conviction for aggravated assault
with a deadly weapon by contending the evidence is not factually sufficient
to sustain it. According to appellant, the victim had insufficient
credibility to be believed. Thus, the verdict was improper. We affirm the
judgment.
 Appellant's notice of appeal and brief were filed before the Court of
Criminal Appeals issued its decision in Brooks v. State, No. PD-0210-09,
2010 Tex. Crim. App. Lexis 1240 (Tex. Crim. App. October 6, 2010). There,
it did away with factual sufficency review and instead simply required that
we consider the evidence only to determine whether a rational trier of fact
could have found the elements of the offense beyond a reasonable doubt.
Id. at *57. Appellant was afforded the opportunity to rebrief in light of
Brooks and, upon doing so, argues that we should refuse to apply Brooks at
all, that the decision has no precedential value because it is unpublished,
and that we should refuse to apply it retroactively.
 Initially, we note that the opinion has been designated for
publication. Id. at *59. Moreover, the Court noted that there is no
meaningful distinction between a factual sufficiency and legal sufficiency
review, and thus a separate factual sufficiency challenge should not be
addressed. Id. at *57-58. Because this opinion does serve as precedent
and since appellant concedes that he has not raised a legal sufficiency
challenge, there is nothing for us to consider.
 However, we note parenthetically that the credibility issues that
appellant raises with respect to the victim were placed before the jury.
We cannot substitute our opinion of her believability for that of the jury;
nor could we do so before Brooks. See Lancon v. State, 253 S.W.3d 699, 707
(Tex. Crim. App. 2008) (holding that the jury is the sole judge of the
credibility of the witnesses and the weight to be given their testimony and
may choose to believe all, some, or none of the evidence presented).
Moreover, there was evidence that corroborated portions of the victim's
testimony, including some found in appellant's bedroom and vehicle. So,
even if Brooks was inapplicable, the evidence supporting his conviction
would nonetheless be factually sufficient.

 Accordingly, we affirm the judgment.

 Brian Quinn
 Chief Justice
Do not publish.